BROWN, Judge,
dissenting.
While I concur with the majority’s conclusion that Officer Hammock was entitled to pull Cunningham over for having only one red tail lamp, I respectfully dissent from the conclusion that Cunningham’s Fourth Amendment rights were violated when he was searched. The trial court based its decision entirely on its perceived illegality of the traffic stop and made no determination as to the validity of Cunningham’s consent to a pat-down search. The majority concludes that “Cunningham had no choice but to submit to the pat-down when he exited the vehicle.... ” Supra at 806. In my view, however, the circumstances did not necessitate that Cunningham exit his vehicle, and indeed he chose to do so with full knowledge that, if he exited the vehicle, it would result in a pat-down search. During a traffic stop, an officer may order a vehicle’s occupant to remain in the vehicle. See Starr v. State, 928 N.E.2d 876, 879 (Ind.Ct.App.2010) (noting that during a traffic stop a “passenger who had exited the vehicle and refused to comply with an officer’s directive to return to it was properly arrested for resisting law enforcement”). Officer Hammock presented Cunningham with a choice on how to proceed, and in opting to exit the vehicle, Cunningham consented to the pat-down search, both in his verbal response to the officer that is was “fine” to be patted down, and in his actions. There was no element of coercion, “fraud, duress, fear, or intimidation,” or a mere submission to the supremacy of the law. Nowling v. State, 955 N.E.2d 854, 862 (Ind.Ct.App.2011), aff'd on reh’g, trans. denied (quoting Melton v. State, 705 N.E.2d 564, 567 (Ind.Ct.App.1999)). The officer did not order him out of the vehicle and initiate an illegal search. Cunningham did not acquiesce to police actions and directives; the police were neither acting nor directing but rather responding to Cunningham’s request to get out of his vehicle.
Also, to the extent that Officer Hammock recognized the item in Cunningham’s pocket to be a pill bottle and not a weapon, Cunningham told the officer that the bottle contained marijuana, and indeed Cunningham removed the bottle from his own pocket and handed it to the officer. Further, he informed the officer that he had a pipe in his vehicle and retrieved it. As the majority notes, we must consider the totality of the circumstances and under these circumstances, I do not believe that Cunningham’s Fourth Amendment rights were infringed upon, and thus I respectfully dissent and would reverse the trial court’s grant of the motion to suppress.